FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV - 4 2008

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
Plaintiff, )
) CV-07-875 JC/DJS
v. )
)
LONE STAR STEAKHOUSE )
& SALOON OF NEW MEXICO, INC., and )
)
LONE STAR STEAKHOUSE )
& SALOON, INC., AND )
LS MANAGEMENT, INC., )
)
Defendants, and )
)
LSF5 CACTUS, LLC as a Successor and )
Rule 19(a) party )
)

## CONSENT DECREE

The Commission filed this action against Lone Star Steakhouse & Saloon of New Mexico, Inc., Lone Star Steakhouse & Saloon, Inc., and LS Management Inc., collectively referred to herein as "Lone Star" to enforce Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII), the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the Age Discrimination in Employment Act (ADEA). In the Complaint, the Commission alleged that Charging Party Joan Turner, a former employee of Lone Star in Albuquerque, New Mexico was discriminated against in the terms, conditions, and privileges of her employment and denied promotion to management positions because of her sex, female and/or her age, over 40 years old. The Commission also alleged that Ms. Turner was constructively discharged from her

1

employment with Lone Star because she had been repeatedly denied promotional opportunities in violation of Title VII and/or the ADEA. The Commission joined LSF5 Cactus, LLC as a successor in interest and a Rule 19(a) party.

Lone Star denied that it had discriminated against Joan Turner in violation of Title VII or the ADEA. Moreover, Lone Star denied that it had constructively discharged Ms. Turner, who resigned her position voluntarily.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

1. This decree resolves all claims of the Commission against Defendants on behalf of Joan Turner, including claims for back pay, liquidated damages, compensatory and punitive damages, interest, injunctive relief, attorney's fees and costs arising out of the issues relating to this lawsuit.

2. The provisions of this Decree relating to injunctive and affirmative relief shall apply solely to Defendant Lone Star Steakhouse & Saloon of New Mexico, Inc.

3. The Court has jurisdiction of the subject matter of this action and of the parties.

4. The terms and provisions of the Consent Decree are adequate, fair, reasonable, equitable, and just. The rights of the parties are adequately protected by this Consent Decree.

5. This Consent Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of Title VII and the ADEA and will be in the best interests of Defendants, the Commission and the public.

## INJUNCTION

6. Defendant Lone Star Steakhouse & Saloon of New Mexico, Inc., their owners, stockholders, managers, agents, officers, employees, successors and assigns and all persons in active concert or participation with them, are permanently enjoined for the duration of the decree from discriminating against any employee because of his or her sex and/or his or her age, including subjecting employees or individuals to unlawful promotion practices. This injunction will remain in effect for the duration of the decree at any restaurant or facility operated by Defendant Lone Star Steakhouse & Saloon of New Mexico, Inc., in New Mexico.

7. Defendant Lone Star Steakhouse & Saloon of New Mexico, Inc., their owners, stockholders, managers, agents, officers, employees, successors and assigns and all persons in active concert or participation with them, are permanently enjoined for the duration of the decree from retaliating against Joan Turner, any witness in this proceeding, or any other employee or individual because the employee or individual has (a) opposed practices made unlawful by Title VII, the ADEA, or a state equal employment opportunity statute, (b) filed a charge of discrimination, (c) assisted or participated in the filing of a charge of discrimination, (d) assisted or participated in an investigation or proceeding under Title VII, the ADEA, or a state equal employment opportunity statute, or (e) filed an internal complaint of discrimination. This injunction will remain in effect for the duration of the decree at any restaurant or facility operated by Defendant Lone Star Steakhouse & Saloon of New Mexico, Inc., in New Mexico.

## RELIEF TO CHARGING PARTY

8. In accordance with this decree, within seven (7) business days of entry of this Decree, Defendants shall pay to Joan Turner the sum of One Hundred Thousand Dollars

($100,000.00) for compensatory damages. Defendants shall issue Ms. Turner a form 1099 in the amount of payments representing compensatory damages. Ms. Turner shall be solely responsible for her payment of any applicable state or federal taxes on the monies paid to her pursuant to this paragraph.

9. Joan Turner will execute only a Release in the form of Exhibit A. Defendants will not condition the receipt of individual relief on the charging party's agreement to (a) maintain as confidential the terms of this decree, (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive her right to apply for a position at any Lone Star facility.

10. The check provided for in Paragraph 8 of this Decree shall be made payable to Joan Turner and shall be mailed directly to Joan Turner at the address provided by the Commission.

11. Within five (5) business days of issuance of the checks required by Paragraph 8 of this Decree, Defendants shall submit a copy of the checks and any related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, Albuquerque Area Office, 505 Marquette NW, Suite 900, Albuquerque, New Mexico 87102-2189.

12. In response to any employment inquiries or reference checks concerning Joan Turner, Defendants shall consistent with Defendants' policy and practice, provide a neutral employment reference to include dates of employment, position and salary only with no other comments as to her employment and assuming the request for employment information is sent to the corporate office for Lone Star Steakhouse & Saloon of New Mexico, Inc., which is located at 224 E. Douglas, Suite 100, Wichita, KS 67202 and to the attention of Stacey Kluge. This

provision shall remain in force for so long as Joan Turner uses Lone Star as a reference and is not limited to the duration of this decree.

## DEFENDANTS' CORRECTIVE POLICIES AND PRACTICES

13. Defendants shall institute and carry out policies and practices that will provide a work environment free from sex and/or age discrimination, including policies, procedures and practices to prevent sex and/or age discrimination against their employees and other individuals, and that allow employees and other individuals to raise concerns or complaints about matters made unlawful by Title VII or the ADEA, whether alleged, perceived or actual without retaliation. To assist Defendants in their efforts to provide a work environment free of sex and/or age discrimination, Defendants shall take the actions provided for below.

  A. Within ninety (90) days of the entry of this decree, Defendants shall review any existing policies on sex and/or age discrimination, including policies relating to non-discrimination in promotion decisions, and make any changes necessary so that their policies and procedures comply with Title VII and the ADEA. Defendants shall ensure their written policy includes a statement that employees are encouraged to complain directly to EEOC or any state equal opportunity agency about perceived unlawful employment practices. After reviewing and making any necessary revisions to its policies, Defendants shall distribute the revised sex and/or age non-discrimination policies and procedures annually to each of its current full and part-time employees, and to each new employee hired for the duration of this decree. The policy and procedure statements that are provided to Defendants employees should be designed to present easily

5

       understood, convenient, consistent, confidential and reliable procedures relating to reporting incidents of perceived discriminatory promotion practices occurring at Lone Star restaurants or facilities in New Mexico.

  B.    Defendants' managers, officials, agents or employees who are responsible for non-discriminatory promotion practices and who fail to engage in non-discriminatory promotion practices will be advised that they may be sanctioned severely for any discrimination based on sex and/or age, including but not limited to, negative performance evaluation, loss of income, suspension or dismissal.

14.    Defendants shall post within thirty (30) days of the entry of this consent decree, and continuously for the duration of this decree, in prominent places frequented by employees of their New Mexico restaurants and facilities, the Notice attached to this decree as Exhibit B. This Notice shall be the same type, style and size as in Exhibit B.

15.    Defendants shall provide training on sex discrimination, age discrimination, and retaliation according to the following terms:

  A.    Defendants shall provide at least three training sessions during the term of this decree. All managers, supervisors and employees at restaurants or facilities owned or operated by Defendants in New Mexico shall attend the training. Duplicative sessions may be held to accommodate staffing needs. Defendants shall be responsible for all costs associated with this training.

  B.    The first training session shall be conducted within one hundred-twenty (120) days of the entry of this decree. Additional training sessions shall be conducted for all Defendants' employees in New Mexico at least twice before expiration of

this Decree.

C. For the duration of this decree, at or around the time of hire, employees hired after the annual training is presented, shall view a video tape of the training and/or a professional training tape which covers the topics set forth in paragraph 15F and shall be given any written material disseminated at the training.

D. Defendants shall select a qualified trainer, which may include legal counsel, and shall submit the trainer's name, resume, training agenda and the date(s) of the proposed training to the Regional Attorney of the Albuquerque Area Office of the Equal Employment Opportunity Commission within thirty (30) days of the entry of this decree. For subsequent training sessions during the pendency of the decree, the above information shall be submitted to the Regional Attorney at least sixty (60) days prior to the seminar-training session. The Commission shall have thirty days from the date of receipt of the information described above to accept or reject the proposed trainer and/or the contents of the seminar. In the event the Commission does not approve defendants' designated trainer, the Commission shall designate the trainer at a cost not to exceed $1000.00 per seminar-training session which shall be paid by defendants. Any delay in conducting the training which is caused by the Commission's rejection of the trainer submitted by Defendants shall not be considered a violation of this Decree.

E. The training shall include a minimum of two hours of instruction. The training may be broken up into shorter increments, so long as the two-hour minimum is met. All personnel, designated in Paragraph A shall both register and attend the

7

      training. The registry of attendance shall be retained by defendants at least for the duration of the decree.

F.     The training, at a minimum shall include the subjects of: what constitutes sex discrimination, age discrimination and retaliation; that sex discrimination, age discrimination and retaliation in the hiring, firing, compensation, assignment or other terms, conditions or privileges of employment and retaliation violates Title VII and the ADEA; how to prevent sex discrimination, age discrimination and retaliation; how to provide a work environment free from sex discrimination, age discrimination, and retaliation; and to whom and by what means employees may complain if they feel they have been subjected to sex discrimination, age discrimination or retaliation in the workplace.

G.     Immediately following the training sessions, the employees shall be informed about: (1) potential discipline that can be taken against supervisors, managers and employees who commit acts of sex discrimination, age discrimination, or retaliation or who allow sex discrimination, age discrimination, or retaliation to occur in the workplace; (2) the importance of maintaining an environment free of sex discrimination, age discrimination, and retaliation; and (3) the employer's policies regarding sex discrimination, age discrimination, and retaliation. This time shall not be counted toward the two-hour minimum training required in paragraph 15E.

16.     The Commission, at its discretion, may designate Commission representatives to attend and participate in any of the training sessions described above.

## REPORTING BY DEFENDANTS AND ACCESS BY EEOC

17.  Defendants shall separately report in writing and in affidavit form to the Regional Attorney of the Commission's Albuquerque Area Office at 505 Marquette NW, Suite 900, Albuquerque, New Mexico 87102-2189, beginning ninety days from the date of the Entry of this Decree and once every six months for the duration of the Decree the following information:

   A.  Any changes, modifications, revocations, or revisions to its policies and procedures which concern or affect the subject of sex discrimination, age discrimination and retaliation.

   B.  The registries of persons attending each of the seminar-training sessions required in paragraph 15 of this decree and a list of current employees on the day of the seminar-training session.

   C.  An affidavit by Defendants' highest ranking official responsible for the Albuquerque Lone Star restaurant that (1) the Notice required in paragraph 13 of this decree was posted and the locations where it was posted, and (2) it has complied with paragraphs 13, 14 and 15 of this decree.

   D.  Copies of any video presentations Defendants utilize to comply with the requirements of this decree.

18.  The Commission upon reasonable notice shall have the right to enter and inspect the premises of Defendants restaurants and facilities in New Mexico to insure compliance with this decree and federal anti-discrimination laws. Defendants may have legal counsel present for any such entry and inspection by the Commission, however, Defendants' legal counsel have no

rights to be present for any non-management interviews, if any, conducted by the Commission.

## COSTS AND DURATION

19. Each party shall bear its costs and attorney's fees incurred as a result of this action through the entry of this decree.

20. The duration of this decree shall be sixteen (16) months from its entry. This Court shall retain jurisdiction of this action for the duration of the decree, during which the Commission may petition this Court for compliance with this decree. Should the Court determine that Defendants have not complied with this decree, appropriate relief, including extension of this decree for such period as may be necessary to remedy its non-compliance, may be ordered.

21. This decree shall expire by its own terms at the end of sixteen (16) months after entry, without further action by the parties.

22. The parties agree to entry of this decree subject to final approval by the Court.

ENTERED AND ORDERED this 4th day of Nov 2008.

_____
THE HONORABLE JOHN E. CONWAY
UNITED STATES DISTRICT JUDGE


APPROVED AND CONSENTED TO:

                                        RONALD COOPER
                                        General Counsel

10

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 L. Street, N.W.
Washington, D.C. 20507


s/s by Loretta Medina
MARY JO O'NEILL
Regional Attorney

s/s by Loretta Medina
SALLY C. SHANLEY
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

*Electronically Filed*

s/s Loretta Medina
LORETTA MEDINA
Senior Trial Attorney

VERONICA MOLINA
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102-2189

Attorneys for Plaintiff

*/s/ George R. McFall*
George R. McFall (grm@modrall.com)
Erin E. Langwalter (elangenwalter@modrall.com)
Modrall, Sperling, Roehl Harris & Sisk, PA
P.O. Box 2168
500 4th Street NW #1000
Albuquerque, New Mexico   87103-2168

Attorneys for Defendants


*/s/ Stacey Kluge*
Stacey Kluge
Representative of Defendants

## RELEASE OF CLAIMS

The undersigned, for the sole consideration of the sum of One Hundred Thousand Dollars ($100,000.00) representing settlement of a claim for compensatory damages paid to the undersigned, receipt and sufficiency of which are hereby acknowledged, does hereby release Lone Star Steakhouse & Saloon of New Mexico, Inc., Lone Star Steakhouse & Saloon, Inc., LS Management, Inc., and LSF5 Cactus, LLC, their officers, directors, agents, employees, successors and assigns (Releasees), from any and all claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act, as amended, which the undersigned has arising out of her employment with Releasees and which were asserted or could have been asserted in the lawsuit styled EEOC v. Lone Star Steakhouse & Saloon of New Mexico, Inc., Lone Star Steakhouse & Saloon, Inc., LS Management, Inc., and LSF5 Cactus, LLC, which is Civil Action No. 07-cv-875 JC/DJS in the United States District Court for the District of New Mexico.

In consideration for the lump sum payments referred to in this Release, the undersigned waives any and all claims, including Title VII and ADEA claims, which she may have arising out of her employment with Releasees, and which were asserted or could have been asserted in the lawsuit styled EEOC v. Lone Star Steakhouse & Saloon of New Mexico, Inc., Lone Star Steakhouse & Saloon, Inc., LS Management, Inc., and LSF5 Cactus, LLC, which is Civil Action No. 07-cv-875 JC/DJS in the United States District Court for the District of New Mexico, except for any rights the undersigned may have arising out of the Consent Decree entered herein.

The undersigned further declares and represents that no promise, inducement or agreement not herein expressed has been made to her, and that this release contains the entire agreement between the parties hereto.

The undersigned understands and agrees that this Agreement is being entered into to resolve disputed claims, allegations or actions taken, and to avoid the risks and expense of litigation. By entering into this Agreement the Releasees do not admit liability for any claims or potential claims by Joan Turner, and such liability has always been denied.

The undersigned has had full and adequate opportunity to discuss this release with the advisers of her choice, including the attorney of her choice, and she has read and fully understands the foregoing Release.

SIGNED this _____ day of _____, 2008.


Signed Name: _____

13

## NOTICE TO ALL EMPLOYEES OF LONE STAR STEAKHOUSE & SALOON

This Notice is posted pursuant to a Consent Decree entered into between the Lone Star Steakhouse & Saloon of New Mexico, Inc., Lone Star Steakhouse & Saloon, Inc., LS Management, Inc., and LSF5 Cactus, LLC, collectively referred to as " LONE STAR" and the Equal Employment Opportunity Commission (EEOC).

It is unlawful under federal law (Title VII of the Civil Rights Act or 1964), the Age Discrimination in Employment Act and state law to discriminate against an employee on the basis of sex and/or age in hiring, firing, compensation or other terms, and conditions or privileges of employment, including promotion practices. It is also unlawful under federal and state law to retaliate against any individual who complains of discrimination based on sex and/or age.

LONE STAR prohibits all forms of sex discrimination, age discrimination and retaliation, including discriminatory practices with respect to promotions at Lone Star restaurants.

LONE STAR shall not discriminate on the basis of sex, and/or age and shall not retaliate against any employee who opposes a practice made unlawful under federal law, files, assists or participates in the filing of a charge of discrimination or participates in any investigation under Title VII, or who files a grievance alleging discrimination.

If you believe you are being discriminated against based on sex, and/or age, or retaliated against you should report this to Lone Star's _____ who may be contacted at _____.

If you believe you have been discriminated against or retaliated against in the Lone Star workplaces, you always have the right to seek assistance from:

1) Equal Employment Opportunity Commission Albuquerque Area Office, 505 Marquette NW, Suite 900, Albuquerque, New Mexico 87102, (505) 248-5202 or 1-800-669-4000.

Or

2) NM Department of Workforce Solution, Human Rights Bureau, 1596 Pacheco St., Suite 103, Santa Fe, New Mexico 87505, (505) 827-6838 or 1(800) 566-9471.

You have the right to file a charge with the EEOC or the state fair employment practice agencies listed above if you believe you are being discriminated against or retaliated against.

**Exhibit B**

K:\DOX\CLIENT\81347\114\W0898714.DOC